GEORGE W. GROU AND OTHERS *vs.* GEORGE BRINLEY AND OTHERS, EXECUTORS OF JOHN GROU.

A testator, by a will executed in 1865, made the following bequest:—"I give to each of the children of my two sisters in France, two hundred dollars in gold." The testator had at the time two sisters living in France, one of whom had five children and the other one. A third sister had lived in France, but had died before the making of the will, leaving seven children who were then living. The testator knew of her death, and of the children that she left. Held that the bequest was not void for uncertainty, and that the child and children of the two surviving sisters must be regarded as intended.

Held also that the legacies were payable in gold coin.

AMICABLE SUBMISSION to the Superior Court in Hartford County, under the statute authorizing such suits, upon the following agreed statement of facts :

John Grou, deceased, late of the city of Hartford, by his last will, dated the 8th day of December, 1865, made, among others, the following bequest : "I give and bequeath to each of the children of my two sisters, in France, two hundred dollars in gold." At the time when the will was executed

there were living in France two sisters of said John Grou, namely, Anne Francoise, who has living, and had living at the time of said Grou's death, five children, and Margueritte, who has living, and had living at the time of said Grou's death, one child. John Grou had also a brother living in France, and a third sister who lived in France, but who died previous to the making of the will. The name of the third sister was Marie Francoise, and she left seven children who were living at the time of said Grou's death, three in France and four in the United States. Said Grou knew at the time of the execution of the will, that his sister Marie Francoise was dead, and that she had left children who were then living. The plaintiffs were the other legatees and devisees under the will of John Grou.

The questions submitted were,

1st.   Is the bequest valid ?

2d.   If valid, to the children of what sisters does it apply ?

3d.   If valid, are the executors bound to pay to each child two hundred dollars in gold coin, in preference to that sum in any other lawful money of the United States ? And are they justified in taking from the estate, in the payment of each child, more than two hundred dollars lawful money of the United States, for the sake of purchasing gold coin with which to pay the legacy ?

The case was reserved for the advice of this court.

*Hamersley*, for the plaintiffs.

*Brocklesby*, for the defendants.

PARK, J.   This case depends upon the construction to be given to the clause in the will of John Grou, late of the town of Hartford, which is as follows :   "I give and bequeath, to each of the children of my two sisters, in France, two hundred dollars in gold."

It appears that at the time the will was made the testator had two living sisters, who resided in France, together with their children.   One of the sisters had but one child, and the other had a number of children.   The two sisters, with their

children, continued to live in France, and resided there at the death of the testator. It further appears that the testator at the time had another sister, who had died in France, where she previously had resided, and that she left a number of children who were living at the time the will was made, and at the death of the testator, some of them in France, and some in the United States. It also appears that, when the will was made, the testator knew that he had but two living sisters.

These are the facts of the case, and the first question is, is the bequest void for uncertainty. This depends upon the question whether there is any reasonable doubt to which two of the sisters the testator refers. *White* v. *Fisk,* 22 Conn., 31.

How many sisters had the testator at the time the will was made ? He speaks of two sisters in the present tense, and but two were living. Now if he referred to a living sister and the deceased one, would he have used the expression "my two sisters ?" If the question is asked, has A. B. children, and the answer is that he has, in common parlance it would be understood that A. B. has children living. If all his children were dead, it would hardly be expected that the answer would be that he has children, without qualification. Suppose the testator had one sister living and two dead, and he had used the expression, "my sister ;" could there be any reasonable doubt to which sister he referred ? We think not.

Much was said in the argument respecting the grammatical construction of the language of the will. The plaintiffs claim that the term, "in France," describes the residence of the children and not that of the sisters, while the defendants insist that it was used to designate the residence of the sisters and not that of the children.

It may be that the rules of grammar would connect the word *France* with the word *children* by the preposition *in*, which shows the relation between these words, but the strict rules of grammar throw but little light upon the meaning of a will so inartificially drawn as this appears to have been. We cannot easily resist the conclusion that the term, "*in France,*" was intended to describe the residence of the sisters,

and not that of the children, and for this reason. It is manifest that the expression, "of my two sisters," was used to designate the children. He might have called each of the children by name, and then it would have been expected that he would state their residence; but he chose to describe them as the children "of my two sisters." Now if the two sisters are described then the description of the children would be perfect. There could be no possible doubt who they were. Apply the words "in France" to the words "my two sisters" and the clause will mean, my two sisters residing in France. The description of the children will then be definite and certain. If the words "in France" be applied to the children, they add nothing to the description of them. "To each of the children in France" will then be the expression, which would apply to every child in that empire. Now as the testator attempted to describe the children through his sisters, it is fair and reasonable to presume that he would describe the residence of the sisters; and when we find that he made a description which, if applied to them, would make his attempt to describe the children perfect, but if applied directly to the children would make his attempt an utter failure, so far as the words "in France" are concerned, we can have no doubt that the words "in France" were intended to describe the residence of the testator's two sisters. No reason can be suggested why these words should be used to describe the children, unless it be that the testator intended to include his deceased sister in the term "my two sisters," and make those of her children residing in France the objects of his bounty, to the exclusion of those residing elsewhere. If such was his intention he would not have taken this indirect and circuitous mode of stating it.

We therefore answer the first question proposed by the parties, that we think the bequest of John Grou to each of the children of his two sisters in France is a valid bequest.

And we answer the second question by saying that we think the bequest is confined to the children of his two living sisters.

The third and last question is, whether the executors are

bound to pay to each child two hundred dollars in gold coin, in preference to that sum in any other lawful money of the United States. The will says, "two hundred dollars in gold." There can be no doubt in relation to the amount the testator intended to give each child, for he expressly says two hund red dollars in gold. He gave each of them a certain, definite amount of property, and we know of no law that will prevent their having the whole of it, or that will sanction the withholding of any portion of it.

We do not intend to decide how the case would be in rela tion to contracts ; but, in a bequest like the one in question, we have no doubt that each legatee is entitled to the amount in gold. Gold was at a high premium when the will was made, and the testator no doubt took that fact into consideration.

In this opinion the other judges concurred.